MAA:JAN
F.#2005R01892

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

Aleksander Efrosman,
 also known as
 "Alexander Efrosman" and
 "Alex Besser,"

         Defendant.

- - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§
981(a)(1)(C), 982, 1341,
1343, 1956(a)(1)(A)(i),
1956(a)(1)(B)(i), 2 and
3551 et seq.; T. 21,
U.S.C. § 853(p); T. 28,
U.S.C. § 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

       At all times relevant to this Indictment, unless
otherwise indicated:

### I.   RELEVANT PERSONS AND ENTITIES

       1.   Century Maxim Fund, Inc. ("Century Maxim") was a
New York corporation with an office located in Brooklyn, New York.
Although Century Maxim was neither licensed nor registered as an
investment advisor or a securities broker-dealer, Century Maxim
held itself out to the investing public as a firm that traded
stocks for its customers.  Century Maxim was not registered with
the National Association of Securities Dealers ("NASD") in any
capacity.

2.   AJR Capital, Inc. ("AJR Capital") was a New York corporation with an office located in Staten Island, New York. At various times, AJR Capital also maintained an office located in East Hanover, New Jersey. AJR Capital also held itself out as having offices in London, Paris and Zurich. Although AJR Capital was neither licensed nor registered as an investment advisor or a futures commission merchant, AJR Capital held itself out to the investing public as a firm that managed investments for customers in the foreign currency exchange market. AJR Capital was not registered with the Commodity Futures Trading Commission ("CFTC") in any capacity.

3.   The defendant ALEKSANDER EFROSMAN, also known as "Alexander Efrosman" and "Alex Besser," operated Century Maxim and AJR Capital. EFROSMAN at various times held himself out as an owner of Century Maxim and as the President of AJR Capital. EFROSMAN also controlled all funds obtained by Century Maxim and AJR Capital from their investors.

II.   THE SCHEME TO DEFRAUD PUBLIC INVESTORS

4.   In or about and between January 2004 and June 2005, the defendant ALEKSANDER EFROSMAN, also known as "Alexander Efrosman" and "Alex Besser," engaged in an illegal scheme to defraud public investors by soliciting investments purportedly for the purpose of trading in the stock market and the foreign currency exchange ("forex") market.

5.    The forex market is an international market not located in any particular physical arena in which financial institutions trade various currencies among themselves for the purpose of realizing a profit based upon the fluctuations in the values of the currencies they are trading.  Public investors may participate in the forex market through investing with forex trading firms.  These firms typically pool public customer investments in order to have sufficient capital to invest in the forex market, and typically exercise discretionary authority over their clients' funds.

6.    To effect the illegal scheme, the defendant ALEKSANDER EFROSMAN made, and caused others to make, false and fraudulent oral and written representations to potential investors to induce them to open accounts with, and entrust funds to, Century Maxim and AJR Capital for the stated purpose of trading in the stock and forex markets.  Specifically, EFROSMAN made and caused others to make misrepresentations regarding the following: (i) Century Maxim's and AJR Capital's purported history of generating profits for customers through trading in the stock and forex markets; (ii) Century Maxim's and AJR Capital's supposed use of investors' funds for the purpose of trading in the stock and forex market; and (iii) EFROSMAN's purported successes as a stock and forex trader with his own trading firm for a number of years.

A.   Century Maxim

7.   In or about late 2003, the defendant ALEKSANDER EFROSMAN, also known as "Alexander Efrosman" and "Alex Besser," solicited an investment on behalf of Century Maxim from Investor 1 ("I-1"), an individual known to the Grand Jury.  EFROSMAN told I-1 that Century Maxim was a fund that invested in the stock market and, in particular, in "S&P 500" stocks.  EFROSMAN falsely told I-1 that approximately eight clients had invested approximately $48 million with Century Maxim, and that EFROSMAN had achieved a 1,588% rate of return on investments EFROSMAN made on behalf of Century Maxim's investors in 2003.  EFROSMAN falsely represented that he maintained licenses permitting him to act as a securities broker and a commodity futures salesperson.  EFROSMAN also claimed that he had been a successful trader with his own firm for a number of years when, in fact, he had been convicted of mail and wire fraud charges associated with his involvement in forex trading in 2000 and had been released from prison in April 2003.

8.   The defendant ALEKSANDER EFROSMAN told I-1 that Century Maxim's minimum investment was at least $250,000, but that I-1 could invest as little as $25,000.  On or about January 27, 2004, I-1 transferred $25,000 to Century Maxim's bank account at North Fork Bank.  At all times, EFROSMAN represented to I-1 that his name was "Alex Besser," and he never revealed to I-1 that his true name was "Aleksander Efrosman."

9.    On or about and between March 25, 2004 and June 10,
2004, I-1 transferred approximately $274,000 to Century Maxim's
bank account at North Fork Bank as an additional investment.
While the defendant ALEKSANDER EFROSMAN had initially told I-1
that Century Maxim traded "S&P 500" stocks, EFROSMAN later told I-
1 that Century Maxim also traded in the forex markets.  In fact,
EFROSMAN never effected any forex trades on behalf of Century
Maxim.

10.    On or about and between March 18, 2004 and February
25, 2005, the defendant ALEKSANDER EFROSMAN transmitted to I-1
monthly account statements that purported to show profits
generated by Century Maxim through its trading for I-1's account.
For example, EFROSMAN falsely represented to I-1 in a monthly
account statement for the period ending February 25, 2005 that I-
1's Century Maxim account was valued at $1,358,649.30.  In fact,
on February 25, 2005, Century Maxim had no assets.  Instead,
EFROSMAN had largely misappropriated I-1's funds by using them for
his personal benefit.

B.    AJR Capital

11.    In or about June 2004, the defendant ALEKSANDER
EFROSMAN, also known as "Alexander Efrosman" and "Alex Besser,"
informed I-1 that Century Maxim had ceased soliciting new
investments.  EFROSMAN informed I-1 that EFROSMAN was starting a
new foreign currency trading company that would invest in the

6

forex market and that would have a minimum investment amount of $25,000. EFROSMAN ultimately named the new company AJR Capital. AJR Capital's office was located in EFROSMAN's home in Staten Island, New York.

12. The defendant ALEKSANDER EFROSMAN employed I-1's son, an individual known to the Grand Jury, as his assistant at AJR Capital. EFROSMAN induced I-1, I-1's son and others to assist EFROSMAN in soliciting new investors for AJR Capital.

13. In literature disseminated by the defendant ALEKSANDER EFROSMAN and provided to prospective AJR Capital investors, EFROSMAN falsely represented that client funds would be deposited by AJR Capital with "Lloyd's Bank of London," and that trades in foreign currency on behalf of the clients would be made at a "clearing house." The literature created by EFROSMAN falsely informed investors that AJR Capital protected them from trading losses by imposing "a 3% stop-loss on all trades."

14. In addition to these written misrepresentations, the defendant ALEKSANDER EFROSMAN falsely represented to potential investors, among other things, that he had been generating forex trading profits significantly in excess of 10% annually; that he engaged in leveraged trading, which allowed him to generate significantly higher returns than had he had access only to invested funds; that his 3% "stop-loss" ensured that no individual

forex trade would incur a loss of more than 3%; and that he used Barclay's Bank as a clearing firm for his forex trading activity.

15.   In or about and between December 2004 and April 2005, the defendant ALEKSANDER EFROSMAN caused to be sent to AJR Capital's investors a series of false, monthly account statements purporting to reflect profits and losses generated by trading for those investors' accounts.   These account statements falsely informed investors (a) that they were invested in the forex market; and (b) that their investments were generating profits.

16.   By means of these false promises and representations, in or about and between October 2004 and June 2005, the defendant ALEKSANDER EFROSMAN raised more than $4 million from more than 100 AJR Capital investors.

17.   In fact, the defendant ALEKSANDER EFROSMAN did not use the investor funds to execute any forex trades, and did not transfer the funds to any financial institution or forex trading firm for that purpose.   Furthermore, AJR Capital did not generate profits for customers through trading in the forex market. Rather, EFROSMAN largely misappropriated investor funds by transferring them for his personal benefit to gambling casinos and to securities brokerage firms to be used for equity securities trading.   In particular, in or about and between November 2004 and May 2005, EFROSMAN transmitted more than $3 million from AJR's bank account to an account in EFROSMAN's name at Foxwoods Casino.

EFROSMAN also used investor funds to pay the personal expenses of himself and his family.

### COUNTS ONE THROUGH SIX
(Wire Fraud - Century Maxim)

18.   The allegations contained in paragraphs 1 through 17 are repeated and incorporated as though fully set forth in this paragraph.

19.   In or about and between late 2003 and June 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ALEKSANDER EFROSMAN, also known as "Alexander Efrosman" and "Alex Besser," together with others, did knowingly and intentionally devise a scheme and artifice to defraud I-1 and to obtain money and property from I-1, by means of false and fraudulent pretenses, representations, and promises.

20.   For the purpose of executing such scheme and artifice, on or about the dates set forth below, the defendant ALEKSANDER EFROSMAN transmitted and caused to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: EFROSMAN caused I-1 to electronically transfer funds in the approximate

amounts listed below into a bank account at North Fork Bank in the name of Century Maxim:

| COUNT | DATE | AMOUNT |
|-------|------|--------|
| ONE | 1/27/04 | $25,000 |
| TWO | 3/25/04 | $48,322 |
| THREE | 3/25/04 | $43,329 |
| FOUR | 5/13/04 | $90,000 |
| FIVE | 6/10/04 | $48,236 |
| SIX | 6/10/04 | $44,320 |

(Title 18, United States Code, Sections 1343 and 3551 et seq.)

### COUNTS SEVEN THROUGH EIGHTEEN
(Mail Fraud - Century Maxim)

21.  The allegations contained in paragraphs 1 through 17 are repeated and incorporated as though fully set forth in this paragraph.

22.  In or about and between late 2003 and June 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ALEKSANDER EFROSMAN, also known as "Alexander Efrosman" and "Alex Besser," together with others, did knowingly and intentionally devise a scheme and artifice to defraud I-1, and to obtain money and property from I-1, by means of materially false and fraudulent pretenses, representations and promises.

23.  For the purpose of executing such scheme and
artifice, on or about the dates set forth below, the defendant
ALEKSANDER EFROSMAN did place and cause to be placed in a post
office and authorized depository for mail matter, matter and
things to be sent and delivered by the Postal Service, to wit:
client account statements, and did knowingly cause to be delivered
to I-1, by mail according to the direction thereon, such client
account statements that purportedly reflected trading by Century
Maxim in the stock market for I-1's benefit:

| COUNT | DATE |
|---|---|
| SEVEN | 3/18/04 |
| EIGHT | 4/15/04 |
| NINE | 5/20/04 |
| TEN | 6/17/04 |
| ELEVEN | 7/16/04 |
| TWELVE | 8/28/04 |
| THIRTEEN | 9/17/04 |
| FOURTEEN | 10/15/04 |
| FIFTEEN | 11/26/04 |
| SIXTEEN | 12/24/04 |
| SEVENTEEN | 1/28/05 |
| EIGHTEEN | 2/25/05 |

(Title 18, United States Code, Sections 1341 and 3551 et
seq.)

## COUNTS NINETEEN THROUGH TWENTY-EIGHT
(Wire Fraud - AJR Capital)

24.   The allegations contained in paragraphs 1 through
17 are repeated and incorporated as though fully set forth in this
paragraph.

25.   In or about and between June 2004 and June 2005,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendant ALEKSANDER
EFROSMAN, also known as "Alexander Efrosman" and "Alex Besser,"
together with others, did knowingly and intentionally devise a
scheme and artifice to defraud investors in AJR Capital's foreign
currency trading program and to obtain money and property from
them, by means of false and fraudulent pretenses, representations,
and promises.

26.   For the purpose of executing such scheme and
artifice, on or about the dates set forth below, the defendant
ALEKSANDER EFROSMAN transmitted and caused to be transmitted, by
means of wire communication in interstate and foreign commerce,
writings, signs, signals, pictures and sounds, to wit: EFROSMAN
caused investors to electronically transfer funds in the
approximate amounts listed below into a bank account at North Fork
Bank in the name of AJR Capital:

| COUNT | DATE | INVESTOR ACCOUNT NUMBER | AMOUNT |
|-------|------|-------------------------|--------|
| NINETEEN | 10/6/04 | JC9516 | $25,000 |
| TWENTY | 12/22/04 | SC3676 | $25,000 |

| COUNT | DATE | INVESTOR ACCOUNT NUMBER | AMOUNT |
|-------|------|-------------------------|--------|
| TWENTY-ONE | 1/24/05 | SC5760 | $25,000 |
| TWENTY-TWO | 2/9/05 | GC8341 | $45,000 |
| TWENTY-THREE | 3/2/05 | TC1869 | $25,000 |
| TWENTY-FOUR | 3/28/05 | JC8037 | $50,000 |
| TWENTY-FIVE | 4/14/05 | SC5180 | $50,000 |
| TWENTY-SIX | 4/28/05 | GC9247 | $35,000 |
| TWENTY-SEVEN | 5/17/05 | SC0212 | $50,000 |
| TWENTY-EIGHT | 5/20/05 | LB4631 | $27,000 |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

### COUNTS TWENTY-NINE THROUGH FORTY
(Money Laundering - AJR Capital)

27.   The allegations contained in paragraphs 1 through 17 are repeated and incorporated as though fully set forth in this paragraph.

28.   On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant ALEKSANDER EFROSMAN, also known as "Alexander Efrosman" and "Alex Besser," together with others, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and intentionally conduct and attempt to conduct financial transactions affecting interstate and foreign commerce which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud and mail fraud, (a) with the

intent to promote the carrying on of the specified unlawful

activity, and (b) knowing that the transactions were designed in

whole and in part to conceal and disguise the nature, the

location, the source, the ownership, and the control of such

proceeds, in that the defendant transferred and caused to be

transferred funds in the approximate amounts listed below via wire

transfer from a bank account at North Fork Bank in the name of AJR

Capital to accounts at the entities listed below:

| COUNT | DATE | DESTINATION | AMOUNT |
|-------|------|-------------|--------|
| TWENTY-NINE | 10/25/04 | SPEAR, LEEDS & KELLOGG - Account No. 5AC96V1 | $25,000 |
| THIRTY | 11/1/04 | MPGE/FOXWOODS CASINO - Patron Account No. 04002450 | $80,000 |
| THIRTY-ONE | 11/5/04 | ADAMAR/TROPICANA CASINO - Patron Account No. 2719543 | $25,000 |
| THIRTY-TWO | 12/31/04 | MPGE/FOXWOODS CASINO - Patron Account No. 04002450 | $25,000 |
| THIRTY-THREE | 1/14/05 | MPGE/FOXWOODS CASINO - Patron Account No. 04002450 | $50,000 |
| THIRTY-FOUR | 2/4/05 | MPGE/FOXWOODS CASINO - Patron Account No. 04002450 | $100,000 |
| THIRTY-FIVE | 3/1/05 | MPGE/FOXWOODS CASINO - Patron Account No. 04002450 | $125,000 |

| COUNT | DATE | DESTINATION | AMOUNT |
|-------|------|-------------|--------|
| THIRTY-SIX | 3/16/05 | MPGE/FOXWOODS CASINO - Patron Account No. 04002450 | $175,000 |
| THIRTY-SEVEN | 4/1/05 | MPGE/FOXWOODS CASINO - Patron Account No. 04002450 | $175,000 |
| THIRTY-EIGHT | 5/2/05 | MPGE/FOXWOODS CASINO - Patron Account No. 04002450 | $327,000 |
| THIRTY-NINE | 5/12/05 | MPGE/FOXWOODS CASINO - Patron Account No. 04002450 | $450,000 |
| FORTY | 5/24/05 | MPGE/FOXWOODS CASINO - Patron Account No. 04002450 | $235,000 |

(Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq.)

## COUNTS FORTY-ONE THROUGH FORTY-TWO
### (Mail Fraud - AJR Capital)

29.   The allegations contained in paragraphs 1 through 17 are repeated and incorporated as though fully set forth in this paragraph.

30.   In or about and between June 2004 and June 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ALEKSANDER EFROSMAN, also known as "Alexander Efrosman" and "Alex Besser," together with others, did knowingly and intentionally devise a scheme and artifice to defraud investors in AJR Capital's foreign currency trading program, and to obtain money and property from

them, by means of materially false and fraudulent pretenses, representations and promises.

31.   For the purpose of executing such scheme and artifice, on or about the dates set forth below, the defendant ALEKSANDER EFROSMAN did place and cause to be placed in a post office and authorized depository for mail matter, matter and things to be sent and delivered by the Postal Service, to wit: client account statements, and did knowingly cause to be delivered to AJR Capital investors, by mail according to the direction thereon, such client account statements that purportedly reflected trading in AJR Capital's foreign currency trading program:

| COUNT | DATE | INVESTOR ACCOUNT NUMBER |
|-------|------|-------------------------|
| FORTY-ONE | 12/24/04 | JC9897 |
| FORTY-TWO | 3/25/05 | SC9866 |

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH TWENTY-EIGHT, FORTY-ONE AND FORTY-TWO
### (Mail Fraud and Wire Fraud)

32.   The allegations contained in paragraphs 1 through 17 of this Indictment are realleged and incorporated as if set forth fully in this paragraph for purposes of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

33.   The United States hereby gives notice to the defendant charged in Counts One through 28, 41 and 42 that upon

his conviction of any such offense the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of any such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense, including, but not limited to, the following:

### MONEY JUDGMENT

34. A sum of money equal to at least approximately five million one-hundred sixty-seven thousand one-hundred forty-three dollars and twenty-one cents ($5,167,143.21).

### SPECIFIC PROPERTY

35. One-hundred ninety-six thousand six-hundred seventy-three dollars and fifty cents ($196,673.50) held in North Fork Bank account number 2974003622 in the name of AJR Capital Inc.

36. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in subparagraphs 36(a) through 36(e) above.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATIONS AS TO COUNTS TWENTY-NINE THROUGH FORTY
(Money Laundering)

37.    The allegations contained in paragraphs 1 through 17 of this Indictment are realleged and incorporated as if set forth fully in this paragraph for purposes of alleging forfeiture pursuant to Title 18, United States Code, Sections 982 and 1956.

38.    The United States hereby gives notice to the defendant charged in Counts 29 through 40 that, upon his conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property involved in each offense of conviction in violation of Title 18, United States Code, Section 1956 and all property traceable to such property as a result of the defendant's conviction of any offense charged in Counts 29

through 40 of this indictment, including but not limited to, the following:

### MONEY JUDGMENT

39. A sum of money equal to at least approximately five million one-hundred sixty-seven thousand one-hundred forty-three dollars and twenty-one cents ($5,167,143.21).

### SPECIFIC PROPERTY

40. One-hundred ninety-six thousand six-hundred seventy-three dollars and fifty cents ($196,673.50) held in North Fork Bank account number 2974003622 in the name of AJR Capital Inc.

41. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982, to seek forfeiture of any other

19

property of such defendant up to the value of the forfeitable

property described in subparagraphs 41(a) through 41(e) above.

(Title 18, United States Code, Section 982)

A TRUE BILL

_____
FOREPERSON

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FORM OBD-34
JUN. 85

No. _____          Action: _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL *Division*

## THE UNITED STATES OF AMERICA

*vs.*

Aleksander Efrosman,

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 982, 141, 1343,
1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C. § 2461(c)))

A true bill.

_____
                                    Foreman

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
                                    Clerk

Bail, $ _____

_____

*John A. Nathanson, Assistant U.S. Attorney (718-254-7492)*

## INFORMATION SHEET

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1.   Title of Case:  **United States v. Aleksander Efrosman**

2.   Related Magistrate Docket Number(s):

   None (XX)

3.   Arrest Date:

4.   Nature of offense(s):  ☒   Felony
   ☐   Misdemeanor

5.   Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the
   Local E.D.N.Y. Division of Business Rules): _____

   _____

6.   Projected Length of Trial:   Less than 6 weeks   (X)
   More than 6 weeks   ( )

7.   County in which crime was allegedly committed:   Richmond _____
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8.   Has this indictment/information been ordered sealed?   (XX) Yes  ( ) No

9.   Have arrest warrants been ordered?   (XX) Yes  ( ) No

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

By: _____

John A. Nathanson
Assistant U.S. Attorney
718-254-7492

Rev. 3/22/01

# United States District Court

For The

Eastern District of New York

United States of America

Vs.

Aleksander Efrosman

No._____ CR.

I, the undersigned foreman of the Grand Jury of this court, at the 1/23/2006 Term begun and held at Brooklyn, New York on the 16 Day of February AD 2006 in pursuance of Rule 6 (c) of the Federal Rules of Criminal Procedures, and herein file with the Clerk of the Court a record of the number of grand jurors concurring in the finding of the indictment in the above case, this record shall not to be made public except on order of the court, to wit:

_____20_____ Grand Jurors Concurring

_____
Foreman signature

# UNITED STATES DISTRICT COURT

__EASTERN__ DISTRICT OF __NEW YORK__

## UNITED STATES OF AMERICA

v.

### WARRANT FOR ARREST

ALEKSANDER EFROSMAN,
  also known as "Alexander Efrosman"
  and "Alex Besser"

CASE NUMBER:

## DEFENDANT.

TO: Robert DiBrienza, Special Agent,
Federal Bureau of Investigation,
and any Authorized United States Official

YOU ARE HEREBY COMMANDED to arrest _____ __ALEKSANDER EFROSMAN__
Name

and bring them forthwith to the nearest magistrate to answer a

X Indictment      Information      Complaint      Order of Court      Violation Notice      Probation Violation Petition

charging him with (brief description of offense)

knowingly and intentionally devising a scheme and artifice to defraud investors and, for
the purpose of executing that scheme and artifice, using or causing wire and mail
transmissions; and knowingly and intentionally conducting financial transactions with the
intent of promoting such scheme and artifice and with the further intent of concealing and
disguising the nature, source, ownership and control of the proceeds of that scheme and
artifice,

In violation of Title _____18_____      United States Code, Section(s)__1341, 1343, 1956___

HONORABLE  Robert Levy      U. S. MAGISTRATE JUDGE
Name of Issuing Officer                     Title of Issuing Officer

[signature]      February 16, 2006   BROOKLYN, NY
Signature of Issuing Officer                Date and Location

Bail fixed at $ _____      By _____

| RETURN |
|---|

This warrant was received and executed with the arrest of the above-named defendant at _____

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

### THE FOLLOWING IS FURNISHED FOR INFORMATION ONLY:

DEFENDANT'S NAME:

ALIAS:

LAST KNOWN RESIDENCE:

LAST KNOWN EMPLOYMENT:

PLACE OF BIRTH:

DATE OF BIRTH:

SOCIAL SECURITY NUMBER:

HEIGHT:

WEIGHT:

SEX:

RACE:

HAIR:

EYE:

SCARS, TATTOOS, OTHER DISTINGUISHING MARKS:

FBI NUMBER:

COMPLETE DESCRIPTION OF AUTO:

INVESTIGATIVE AGENCY AND ADDRESS: