UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

ALEKSANDER EFROSMAN,

                Defendant.

ORDER
06-CR-95 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Aleksander Efrosman is currently serving a sentence of 188 months that this court imposed on January 15, 2014 following his October 18, 2012 plea of guilty to one count of wire fraud. (*See* Oct. 12, 2012 Minute Entry; Judgment (Dkt. 42).) Mr. Efrosman misappropriated of over five million dollars invested in two funds that he operated; although Mr. Efrosman promised to invest his clients' money in the foreign currency exchange market, he instead used much of the money to gamble and spent the rest before fleeing to Poland, where he remained at large for several years prior to his extradition. Mr. Efrosman now moves under 18 U.S.C. § 3582(c)(1)(A)(i) for an order reducing his sentence to time served and directing that he serve his three-year period of supervised release on home confinement. (*See* Def. Mot. for Compassionate Release ("Mot.") (Dkt. 49).) Defendant contends that the COVID-19 pandemic and the threat it poses to him due to his underlying medical conditions constitute "extraordinary and compelling reasons" within the meaning of that subsection. For the reasons discussed below, Defendant's motion is DENIED without prejudice to renew should circumstances change.

18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, permits district courts to reduce a previously imposed sentence upon motion of either the Bureau of Prisons or, subject to an exhaustion requirement, the defendant. Relief under this provision

is authorized only where the court determines that "extraordinary and compelling reasons warrant such a reduction," that "such a reduction is consistent with the applicable policy statements issued by the sentencing commission," and that the reduction is consistent with "the factors set forth in [18 U.S.C. § 3553(a)] to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A). The relevant policy statement of the Sentencing Commission states that "extraordinary and compelling" circumstances exist where, *inter alia*, the defendant is "suffering from a terminal illness" or a "serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," and the defendant has shown that he "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(1)(A)-(2), p.s. & *id.* comment. (n.1(A)). However, this list is not exhaustive and district courts have the authority to determine whether other circumstances not enumerated are sufficiently compelling to warrant release. *See, e.g.*, *United States v. Copeland*, No. 02-cr-1120 (FB), 2020 WL 2537250, at *2 (E.D.N.Y. May 19, 2020).[1] Further, certain courts have found the COVID-19 pandemic to constitute an extraordinary and compelling reasons where a defendant suffers from underlying health conditions that place him at an elevated risk of severe symptoms or an adverse outcome if he were to contract the disease. *See, e.g.*, *United States v. Pena*, __ F. Supp. 3d __, 2020 WL 2301199, at *4-5 (E.D.N.Y. 2020).

As this court has noted in prior decisions, COVID-19 presents a great danger to the prison population in this country. *See United States v. Donato*, No. 05-cr-60-10 (NGG), 2020 WL 3462854, at *2 (E.D.N.Y. July 6, 2020). However, "this court maintains its

---

[1] When citing cases, except as otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

position that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease." *Id.* (citing *United States v. Nwankwo*, No. 12-cr-31 (VM), 2020 WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020) (collecting cases)).

Defendant is 58 years old, is currently receiving treatment for hyperlipidemia, and has a history of bronchitis, laryngopharyngitis, and prostatitis. Further, a recent lung function test revealed that he has "moderate obstruction" in his lungs, although he has not been diagnosed with COPD. (*See* Mot.; Def. July 20, 2020 Supp. Letter (Dkt. 55).) In addition, according to the Government, as of July 10, 2020, just shy of 40% of the inmates (25 out of 65) at the minimum security camp at FCI Otisville where Defendant is serving his sentence had tested positive for COVID-19 in the prior month, in response to which the Bureau of Prisons determined to keep all camp inmates in quarantine pending further testing. (Gov't July 10, 2020 Supp. Letter (Dkt. 53).)

The court does not mean to minimize the serious of Defendant's health conditions, and the apparent outbreak at FCI Otisville is alarming. At the same time, however, Defendant's medical conditions appear to be well managed by the Bureau of Prisons and the measures taken to protect him and the other inmates following the spike in cases seem to have been effective. Moreover, infections in Orange County (where FCI Otisville is located) and in New York State as a whole appear, as of this writing, to be steadily decreasing.[2]

---

[2] *See* New York Coronavirus Map and Case Count, NY TIMES (Updated Aug. 3, 2020, 2:00 pm), https://www.nytimes.com/interactive/2020/us/new-york-coronavirus-cases.html

Further, although Defendant's medical conditions and the situation at FCI Otisville are concerning, the court is required to consider the § 3553(a) factors when evaluating his motion. These factors plainly do not support his release. *See United States v. Gotti*, No. 02-cr-743 (CM), 2020 WL 497987, at *2 (S.D.N.Y. Jan 15, 2020) ("The court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances."). As the court stated at Defendant's sentencing, though his crime was "nonviolent," it was nevertheless "extreme and hurtful and there are victims whose lives are completely upended and wrecked as a result of [his] acts." (Sentencing Tr. (Dkt. 45) at 39:6-8.) As the court further elaborated shortly before sentencing Defendant, "the message should be clear that when you … take [people] under your wing, you convince them that you're going to take care of them and their families … and then you steal their money, there has to be a substantial penalty." (*Id.* at 40:7-12.) The court's position on this has not changed and, as such, it cannot conclude that an approximate 25% reduction of Defendant's sentence—effectively sentencing him to less than the bottom of the guidelines range for his offense—would adequately reflect the seriousness of the offense or provide adequate deterrence. The court also notes that, although Defendant, to his credit, pleaded guilty, he absconded to Poland prior to doing so, where he remained a fugitive for years before he was arrested by local authorities and extradited, which further weighs in favor of him being required to serve his full sentence in the custody of the attorney general.

Accordingly, Defendant's (Dkt. 49) Motion for Compassionate Release is DENIED without prejudice to renew should Defendant's medical conditions or the circumstances at FCI Otisville materially worsen.

SO ORDERED.

Dated:   Brooklyn, New York
         August 4, 2020

                                        /s/ Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge